UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WILLY ZAMBRANO,

        Petitioner,

v.

KRISTI NOEM et al.,

        Respondents.
_____/

Case No. 1:26-cv-64

Honorable Robert J. Jonker

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action on January 8, 2026, by filing a counseled combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for emergency injunctive relief. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

**I.**     **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, declare that Respondents' actions to detain Petitioner violate the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act (INA), and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.16.) Petitioner also sought a temporary restraining order

compelling Respondents to release Petitioner. (*Id.*, PageID.2.) Alternatively, Petitioner asked the Court to order Respondents to show cause, within three days, why the petition should not be granted. (*Id.*)

In an order entered on January 8, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on January 13, 2026, (ECF No. 4), and Petitioner filed his reply on January 14, 2026, (ECF No. 5).

## II.   Factual Background

Petitioner is a native and citizen of Venezuela. (Pet., ECF No. 1, PageID.4; Notice and Order of Expedited Removal, ECF No. 4-2, PageID.78.) Petitioner entered the United States in 2022 and was granted parole. (Pet., ECF No. 1, PageID.4; I-213, ECF No. 4-1, PageID.75.) Petitioner's parole has since expired. (Pet., ECF No. 1, PageID.4.)

Since entering the United States, Petitioner received work authorization and filed an application for asylum, which remains pending. (*Id.*) He resides in Michigan with his wife and daughter and serves as the primary financial support for his family. (*Id.*)

On December 17, 2025, ICE agents arrested Petitioner. (I-213, ECF No. 4-1, PageID.74.) The Department of Homeland Security (DHS) issued Petitioner a notice and order of expedited removal, charging Petitioner with inadmissibility under § 212(a)(7)(A)(i)(I) of the INA because Petitioner is an immigrant "who, at the time of application for admission is not in possession of a valid unexpired [passport or travel document]." (Notice and Order of Expedited Removal, ECF No. 4-2, PageID.78–79.)[1] DHS has taken the position that Petitioner must be detained for the duration of his fear claim proceedings. (I-213, ECF No. 4-1, PageID.76.)

---

[1] Respondents do not contend that Petitioner is subject to a final order of removal and, with it, mandatory detention under 8 U.S.C. § 1231(a)(2)(A). For the purposes of § 1231(a), a removal

2

### III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV. Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should appeal his order of removal to the Board of Immigration Appeals (BIA).

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

---

order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

V.      **Merits Discussion**

      A.      **Statutory Basis for Petitioner's Detention**

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions for expedited removal set forth in 8 U.S.C. § 1225(b)(1). Respondents, however, contend that Petitioner is subject to expedited removal under § 1225(b)(1)(A)(i) as an "arriving alien." (Resp., ECF No. 4, PageID.67–68.)[2]

It is undisputed that Petitioner was, at one time, an "arriving alien," who was granted humanitarian parole into the United States as set forth in 8 U.S.C. § 1182(d)(5)(A). "The Arriving Aliens Provision imposes expedited removal and detention on any noncitizen who is inadmissible due to lack of entry documents or fraud or willful misrepresentation on an admission application *and* 'who is arriving in the United States.'" *Rodriguez-Acurio v. Almodovar*, No. 2:25-cv-6065 (NJC), 2025 WL 3314420, at *19 (E.D.N.Y. Nov. 28, 2025) (quoting 8 U.S.C. § 1225(b)(1)(A)(i)). However, for the same reasons set forth in detail in *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026), Petitioner is not an "arriving alien" subject to mandatory detention and expedited removal under § 1225(b)(1)(A)(i). "[W]hen ICE affirmatively chooses to release an individual on parole, it has made the determination that it no longer intends to fast-track their removal and that it will proceed with the standard removal process under 8 U.S.C. § 1229a." *Aviles-Mena v. Kaiser*, No. 25-CV-06783-RFL, 2025 WL 2578215, at *5 (N.D. Cal. Sept. 5, 2025) (citing 8 U.S.C. § 1225(b)(2)) (holding that, "because Aviles-Mena was 'paroled into the United States,' he cannot be subject to expedited removal under section

---

[2] Respondents do not argue that Petitioner is subject to expedited removal under § 1225(b)(1)(A)(iii). However, if they had, their argument would fail. Section 1225(b)(1)(A)(iii) allows the Attorney General to invoke expedited removal for "certain other aliens" who have "not been admitted or paroled into the United States." 8 U.S.C. § 1225(b)(1)(A)(iii). Respondents concede that Petitioner was previously paroled into the United States.

4

1225(b)(1)"); *see also Rodriguez-Acurio*, 2025 WL 3314420 (holding that the petitioner, who entered the United States as an "arriving alien," was paroled into the United States under 8 U.S.C. § 1182(d)(5), and who remained in the United States after the expiration of parole cannot be classified as an "arriving alien" subject to expedited removal); *Coal. for Humane Immigrant Rts. v. Noem*, No. 25-CV-872 (JMC), 2025 WL 2192986, at *30 (D.D.C. Aug. 1, 2025) (holding that individuals who had been paroled into the United States cannot be subject to expedited removal under § 1225(b)(1)).

Because Petitioner cannot be designated for expedited removal and detention under § 1225(b)(1)(A)(i), his detention commencing on December 17, 2025, is not governed by § 1225(b)(1).

The Court further concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).

    **B.**    **Fifth Amendment Due Process Considerations**

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner "is detained under 8 U.S.C. § 1225(b)(1), which mandates detention." (Resp., ECF No. 4, PageID.69.)

As discussed above, the Court has already rejected Respondents' argument that Petitioner is subject to mandatory detention under § 1225(b)(1), or even under § 1225(b)(2). The Court

5

concludes that Petitioner's current detention under the mandatory detention framework violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## VI. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment or, in the alternative, immediately release Petitioner from custody.[3] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:   January 29, 2026                         /s/ Robert J. Jonker
                                                  Robert J. Jonker
                                                  United States District Judge

---

[3] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer.